UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIEL ECKARD,

                Plaintiff,

    v.

DEREK WALTERS, et. al,

               Defendants.

CASE NO. C19-000242 RAJ

**ORDER DENYING PLAINTIFF'S OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION**

The Court has reviewed the Report and Recommendation of the Honorable Michelle L. Peterson, United States Magistrate Judge, Plaintiff's Objections, and the balance of the record. The Court concurs fully in the recommendations of the Report and Recommendation.

## I. BACKGROUND

On February 29, 2019, Plaintiff Gabriel Eckard ("Plaintiff") brought this action against Defendants Derek Walters, Breeann Caraway, Myron Ayala, and Scott Simon (collectively "Defendants") alleging claims under 42 U.S.C. § 1983. Dkt. # 1-1. Plaintiff also filed an application to proceed *in forma pauperis*. On March 7, 2019, Judge Peterson granted the application. Dkt. # 5. Defendants subsequently moved to dismiss Plaintiff's Complaint for failure to state a claim. Dkt. # 13. On July 3, 2019, Judge Peterson issued a Report and Recommendation granting the motion to dismiss and recommending that the Complaint be dismissed without prejudice. Dkt. # 17. Plaintiff

ORDER - 1

has filed Objections to Judge Peterson's Report and Recommendation. Dkt. # 18.

## II. DISCUSSION

The Court agrees with Judge Peterson's well-reasoned Report and Recommendation and finds no basis to divert from it. Plaintiff is alleging claims under 42 U.S.C. § 1983. Dkt. # 6. To establish a claim under Section 1983, Plaintiff must show that he suffered a violation of rights protected by the Constitution or federal statute, and that the violation was proximately caused by a person acting under color of state law. Plaintiff asserts two bases for his 1983 claim: (1) that he was subjected to an unreasonable search and seizure in violation of the Fourth Amendment, and (2) that his Eighth Amendment rights were violated when he was kept in a visiting cell for more than eight hours without access to a toilet. Dkt. # 6 at ¶¶ 22, 23.

First, Plaintiff argues that Defendants' order that he submit to a strip search violates his Fourth Amendment rights. Plaintiff alleges that while he was housed in the Special Offenders Unit he was removed from his cell for the purposes of conducting a search. Dkt. # 6 at ¶¶ 8, 9. According to Plaintiff, Defendants then ordered Plaintiff to submit to a strip search. *Id.* at ¶ 11. Plaintiff alleges that Defendants informed him that he was being searched for personal property. Though Plaintiff was never actually searched, he maintains that the request violates the Fourth Amendment. *Id.* at ¶ 22.

In *Michenfelder v. Sumner*, the Ninth Circuit examined the reasonableness of strip searches in the prison context. 860 F.2d 328 (9th Cir. 1988). There, the court held that strip searches that are reasonably related to legitimate penological interests do not violate the Fourth Amendment. *Id.* at 331. The court also noted that great deference must be given to prison officials' assessments of their interests. *Id.* at 331 (citing *Turner v. Safley*, 107 S. Ct. 2254, 2262 (1987)).

Plaintiff does not allege any facts to support his conclusory allegation that Defendants' order that he submit to a search lacked penological justification. Dkt. # 17 at 5. Plaintiff relies heavily on the fact that a different member of the corrections staff later returned him to his cell without being searched, but this does not render Defendants'

ORDER - 2

actions unreasonable.[1] Plaintiff's subjective belief that the search was unjustified and unrelated to legitimate penological interests, without more, is insufficient to state a claim under Fed. R. Civ. P. 12(b)(6).

Plaintiff next argues that Defendants violated his Eighth Amendment rights when they left him in a visiting cell for over seven hours, without access to a toilet, and he was "forced" to urinate on the floor. Dkt. # 6 at ¶¶ 14-16. In order to establish an Eighth Amendment violation, a prisoner must show that (1) the alleged wrongdoing was objectively harmful enough: to establish a constitutional violation, and (2) the prison official acted with a sufficiently culpable state of mind. *Farmer v. Bren*nan, 511 U.S. 825, 834 (1994). "To prevail on a 'conditions of confinement' claim, a plaintiff must show serious deprivation and deliberate indifference." *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (internal citation omitted).

The Court agrees with Judge Peterson that Plaintiff's allegation that he was temporarily placed in a cell without a toilet, pending his compliance with corrections staff directives is insufficient to state a plausible claim under the Eighth Amendment. Dkt. # 17 at 7. Plaintiff's allegations do not establish conditions sufficiently severe and prolonged to constitute an Eighth Amendment violation. *Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995) ("[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment."). Plaintiff does not allege that the sanitary limitation imposed upon him was more than temporary. Nor does Plaintiff allege that he informed corrections staff that he needed to use the toilet and was denied. *See generally* Dkt. # 6. Plaintiff's

---

[1] In his Objections, Plaintiff challenges Judge Peterson's Recommendation claiming it conflicts with a decision by the Honorable James P. Donahue in a previously filed case where Judge Donahue concluded that the fact that Plaintiff was returned to his cell without being searched supported his claim that Defendants acted without penological justification. Dkt. # 18 at 2-3 (citing *Eckard v. Walters, et. al.*., 2:18-cv-01258-RSM-JPD (W.D. Wash. Sep. 28, 2018), Dkt. # 10). But Plaintiff voluntarily dismissed his previous case. *Id.,* Dkt. # 26. As such "any future lawsuit based on the same claim [is] an entirely new lawsuit unrelated to the earlier (dismissed) action." *City of S. Pasadena v. Mineta*, 284 F.3d 1154, 1157 (9th Cir. 2002) (internal citation omitted).

ORDER - 3

allegations, without more, are insufficient to state a claim under the Eighth Amendment.

Here, Judge Peterson thoroughly and thoughtfully analyzed Defendants' Motion to Dismiss and articulated her reasons for granting the Motion. Dkt. # 17. Plaintiff raises essentially the same arguments before this Court as he did before Judge Peterson. Dkt. # 18. These arguments are unpersuasive and fail to address the fundamental flaws in Plaintiff's Complaint.

### III. CONCLUSION

For the foregoing reasons, the Court adopts the Report and Recommendation (Dkt. # 17) and **DENIES** Plaintiff's Objections (Dkt. # 18). Plaintiff's Complaint is **DISMISSED** without prejudice. Within **twenty-one (21) days from the date of this Order**, Plaintiff may file an amended complaint addressing the deficiencies addressed above. If Plaintiff does not file an amended complaint within that timeframe, or if Plaintiff files an amended complaint that does not state a cognizable claim for relief or is otherwise untenable under § 1915(e), the Court will dismiss the action with prejudice. The Clerk shall provide copies of this Order to the parties and Judge Peterson.

DATED this 6th day of December, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER - 4